UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ALICIA MARIE RICHARDS,<br><br>    Debtor.<br><br>―――――――――――――<br><br>ALICIA MARIE RICHARDS, LAWRENCE REMSEN<br><br>    Appellants,<br><br>v.<br><br>RICHARD A. MARSHACK, CH. 7 TRUSTEE,<br><br>    Appellee. | Case No. 8:23-cv-01377-SB<br>BAP No. CC-23-1007<br>Bk. No. 8:21-bk-10635-SC<br><br><br>ORDER TO SHOW CAUSE RE: DEBTOR'S IN FORMA PAUPERIS REQUEST [DKT. NO. 1] |

    Debtor Alicia Marie Richards filed an emergency motion to proceed in forma pauperis (IFP), in which she asserts that she cannot afford to pay for certain transcripts that she needs to proceed in a separate bankruptcy appeal pending before the Ninth Circuit Bankruptcy Appeal Panel (BAP). Dkt. No. 1. She subsequently notified the BAP that she had submitted the emergency request.[1] BAP No. CC-23-1007 (BAP Appeal), Dkt. No. 25. On August 30, 2023, the BAP issued an order determining that the briefing in the appeal is complete and that "[n]o further filings, including a statement of evidence in lieu of transcript pursuant to Fed. R. Bankr. P. 8009(c), will be accepted for filing in this appeal." BAP Appeal, Dkt. No. 26 at 2. The BAP reasoned that because Debtor stated that she

---

[1] Debtor appears to have cited to the wrong case number—one in which her IFP request was granted—with regard to her request. But this does not impact the Court's analysis.

did not believe that the transcript is necessary to the BAP's disposition of the appeal, no further delay was necessary. *Id*.

This case appears to be moot in light of the BAP's ruling. Constitutional mootness is premised on the exercise of judicial power depending "on the existence of a case or controversy." *In re Gould*, 401 B.R. 415, 421 (B.A.P. 9th Cir. 2009), *aff'd*, 603 F.3d 1100 (9th Cir. 2010). "If no effective relief is possible, we must dismiss for lack of jurisdiction." *Id*. In filing this case, the only relief Debtor seeks from this Court is to proceed IFP in order to obtain transcripts or file a statement of evidence so that the BAP will not "summarily deny Debtor's appeal." Dkt. No. 1 at 4. But the BAP has accepted all filings to date, including Debtor's untimely appeal, BAP Appeal, Dkt. No. 23, and has stated unequivocally that it will not accept any additional filings, including transcripts or a statement of evidence, BAP Appeal, Dkt. No. 26. Thus, it does not appear that this Court can provide Debtor any relief.

Debtor is therefore ORDERED to show cause, in writing, no later than September 22, 2023, why her request to proceed IFP is not moot. Failure to timely comply may result in dismissal without prejudice.

Date: September 1, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge